IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.,

        Plaintiff,

          v.

ORDER

10-cv-150-bbc

DENNIS KUCHENS, LISA KRACHEY,
BEVERLY RASIBECK, MS. SMITH, A. KARTMAN,
MS. SUTTER and CAPTAIN KARTMAN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a June 8, 2010 order, I concluded that plaintiff Cleveland Lee's complaint violated Fed. R. Civ. P. 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. I gave plaintiff a chance to choose which one of the three separate lawsuits he wanted to pursue in this case. Further, I noted that plaintiff has struck out 28 U.S.C. § 1915(g) and thus could not proceed in this case unless he paid the remainder of the filing fee.

Now plaintiff has responded, choosing to proceed with his claims that defendant Dennis Kuchens violated plaintiff's rights under the First Amendment, Fourteenth Amendment equal protection clause and Religious Land Use and Institutionalized Persons

1

Act when he removed plaintiff from a Protestant religious study group and did not remove a similarly situated inmate from the group.  Accordingly, his claims against defendants Lisa Krachey, Beverly Rasibeck, Ms. Smith, A. Kartman, Ms. Sutter and Captain Kartman will be dismissed without prejudice.  Also, plaintiff seeks reconsideration of the strike he received in one of his previous cases and he has filed a motion for an extension of time in which to submit the remainder of the filing fee in this case.

I note that the court has received the full payment that was due, so I will deny as moot plaintiff's motion for an extension of time.  In addition, I will deny plaintiff's motion for reconsideration of a strike.  After reviewing plaintiff's complaint, I will dismiss the case for plaintiff's failure to exhaust his administrative remedies.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

At all times relevant to the complaint, plaintiff was incarcerated at the Prairie du Chien Correctional Institution.  Defendant Dennis Kuchens was the chaplain at the Prairie du Chien Correctional Institution.

On April 4, 2006, defendant Kuchens and correctional officer Kress removed plaintiff from a Protestant religious study.  Plaintiff asked Kuchens why he was being removed. Kuchens replied, "On your religious preference form you checked Islam, therefore I can

2

remove you from Protestant Bible Study."  Kuchens stated that inmates are allowed to attend only one worship service or religious study under Department of Corrections regulations.  However, plaintiff is aware of another inmate, P. Samuelson, who has been allowed to attend both the Native American and Protestant religious service/study.

Plaintiff filed five inmate grievances concerning this incident, complaint nos. 2006-10030, 2006-10032, 2006-16326, 2006-16794, and 2006-17563, exhausting all of them.


DISCUSSION

A.  Motion for Reconsideration of Strike

Although plaintiff has paid the full $350 for filing this case, he has submitted a motion for reconsideration of the court's June 8, 2010 determination that he should be assessed a strike in case no. 06-cv-690-jcs because that case was dismissed without prejudice for failure to prosecute.  It is unclear which case plaintiff is talking about, because case no. 06-cv-690-jcs was not dismissed for failure to prosecute.  Instead, it was dismissed for plaintiff's failure to exhaust his administrative remedies.  (I note that plaintiff's case no. 07-cv-479-jcs was dismissed for failure to prosecute, but plaintiff was not assessed a strike in that case.)  In any case, plaintiff properly received a strike in case no. 06-cv-690-jcs for failing to state a claim against three of the defendants in that case.  Therefore, I will deny plaintiff's motion for reconsideration.

3

B.   Failure to Exhaust

A review of plaintiff's litigation history in this court shows that this complaint is identical to plaintiff's case no. 06-cv-690-jcs, which was dismissed for plaintiff's failure to exhaust his administrative remedies. Lee v. Kuchens, no. 06-cv-690-jcs, 2007 WL 5514729. In that case, plaintiff stated that he exhausted the same inmate complaints that he lists in his complaint in the present case.  However, the materials submitted by defendant Kuchens in the previous case showed that plaintiff was wrong about his contention that he had exhausted four of the five inmate complaints he filed and that the one complaint he did exhaust, no. 2006-10030, discussed the religious preference form but did not put prison officials on notice of plaintiff's objections to having been removed from the Protestant study. Ordinarily, a prisoner's failure to exhaust his administrative remedies is an affirmative defense that must be proven by the defendant, but in this case there is no reason to require defendants go through this exercise.  In the previous case, Judge Shabaz found that four of the same administrative complaints that plaintiff relies on in this case were never exhausted and that the fifth one did not put defendants on notice of his claim.

When plaintiff's earlier suit was dismissed for his failure to exhaust, plaintiff could have tried exhausting his claims at that time and, if he succeeded, filed a new lawsuit. He has not done that.  Instead, he has filed a new lawsuit based on the old, unexhausted

complaints and alleged that he exhausted them.  Accordingly, I will dismiss this case without prejudice for plaintiff's failure to exhaust his administrative remedies.

ORDER

IT IS ORDERED that

1. Plaintiff Cleveland Lee's claims against defendants Lisa Krachey, Beverly Rasibeck, Ms. Smith, A. Kartman, Ms. Sutter and Captain Kartman are DISMISSED without prejudice.

2.  Plaintiff's motion for an extension of time to submit the remainder of the filing fee for this case, dkt. #8, is DENIED as moot.

3.   Plaintiff's motion for reconsideration of the strike assessed in case no. 06-cv-690-jcs is DENIED.

4.  Plaintiff's claims against defendant Dennis Kuchens under the First Amendment, Fourteenth Amendment equal protection clause and Religious Land Use and Institutionalized Persons Act are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

5.  The clerk of court is directed to close the file.

Entered this 12th day of August, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge