IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.,

                                      Plaintiff,

        v.

DENNIS KUCHENS, LISA KRACHEY,
BEVERLY RASIBECK, MS. SMITH, A. KARTMAN,
MS. SUTTER and CAPTAIN KARTMAN,

                                      Defendants.

ORDER

10-cv-150-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an August 12, 2010 order, I dismissed plaintiff Cleveland Lee's lawsuit because he failed to exhaust the administrative remedies on his claims that defendant Dennis Kuchens violated plaintiff's rights under the First Amendment, Fourteenth Amendment equal protection clause and Religious Land Use and Institutionalized Persons Act when he removed plaintiff from a Protestant religious study group and did not remove a similarly situated inmate from the group. (Plaintiff initially brought additional claims against other defendants, but those claims violated Fed. R. Civ. P. 20, and plaintiff chose to voluntarily dismiss them.) Now plaintiff has filed a motion for reconsideration of the August 12, 2010 order, arguing that he did exhaust his administrative remedies.

1

In the August 12, 2010 order, I noted that this was not the first lawsuit that plaintiff brought regarding defendant Kuchen's actions. On November 29, 2006, plaintiff filed a complaint in this court (case no. 06-cv-690-jcs) raising identical claims. Judge Shabaz dismissed that case on May 18, 2007, for plaintiff's failure to exhaust his administrative remedies because plaintiff had not filed the necessary appeals for each of his inmate complaints. I relied on Judge Shabaz's May 18, 2007 order in dismissing the present case, stating as follows:

> Ordinarily, a prisoner's failure to exhaust his administrative remedies is an affirmative defense that must be proven by the defendant, but in this case there is no reason to require defendants go through this exercise. In the previous case, Judge Shabaz found that four of the same administrative complaints that plaintiff relies on in this case were never exhausted and that the fifth one did not put defendants on notice of his claim.

In support of his motion for reconsideration, plaintiff provides new administrative materials indicating that following the May 18, 2007 order dismissing case no. 06-cv-690-jcs, he attempted to file the appropriate administrative appeals for each of his grievances. However, these materials show that each of his appeals was rejected as untimely. Plaintiff's untimely appeals do not serve to exhaust his administrative remedies. Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) ("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"). Therefore, I will deny plaintiff's motion for reconsideration.

2

ORDER

IT IS ORDERED that plaintiff Cleveland Lee's motion for reconsideration of the court's August 12, 2010 order dismissing this case, dkt. #12, is DENIED.

Entered this 22d day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3