IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.,

                 ORDER

      Plaintiff,

                 10-cv-150-bbc

  v.

DENNIS KUCHENS, LISA KRACHEY,
BEVERLY RASIBECK, MS. SMITH, A. KARTMAN,
MS. SUTTER and CAPTAIN KARTMAN,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In an August 12, 2010 order, I dismissed plaintiff Cleveland Lee's lawsuit because he failed to exhaust his administrative remedies on his claims that defendant Dennis Kuchens violated plaintiff's rights under the First Amendment, the equal protection clause of the Fourth Amendment and the Religious Land Use and Institutionalized Persons Act when he removed plaintiff from a Protestant religious study group and did not remove a similarly situated inmate from the group. On September 22, 2010, I denied plaintiff's motion for reconsideration of the August 12, 2010 order. Now plaintiff has filed another motion for reconsideration, this time arguing that he should be considered to have exhausted his administrative remedies because some of the remedies were unavailable to him.

1

I will deny plaintiff's motion for reconsideration because he fails to provide any evidence indicating that he was prohibited from seeking administrative remedies. He seems to argue that inmate complaint examiners' incorrect rulings made further remedies unavailable, but this is not the case. Plaintiff had the responsibility to appeal the administrative decisions he disagreed with, but he failed to do so.

Plaintiff goes on to state that he was restricted from pursuing administrative remedies after the prison chaplain incorrectly designated plaintiff's religious preference as Muslim because the chaplain "was aware of plaintiff's biblical religious teachings that; 'Everyone must submit himself to the governing authorities, for there is no authority except that which God has established.'" It is unclear precisely what plaintiff is arguing, but to the extent he is arguing that his religious views bar him from challenging the authority of the prison chaplain, this argument is undercut by the fact that plaintiff did challenge the chaplain's decision by filing a grievance over the issue, but then failed to pursue the full range of administrative appeals. If plaintiff is arguing that the chaplain coerced him into giving of his administrative appeals, he provides no evidence supporting this argument.

ORDER

IT IS ORDERED that plaintiff Cleveland Lee's second motion for reconsideration

of the court's August 12, 2010 order dismissing this case, dkt. #14, is DENIED.

Entered this 20th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge